United States District Court
Southern District of Texas
**ENTERED**
August 03, 2016
David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **MONICA WOOD,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **NO. 4:15-CV-3255** |
| | § | |
| **PROSERV CORPORATION,** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

### AGREED PROTECTIVE ORDER

Plaintiff Monica Wood and Defendant Proserv Corporation stipulate and agree to the following:

1.     This Order shall govern the use and disclosure of confidential information and documents which have been marked by either party as "Confidential" and produced in the course and scope of this litigation by the party.  Information or documents may be designated by a party as "Confidential" if the information or documents may reasonably be regarded as containing information involving the party's research and development, trade secrets, confidential, proprietary and/or sensitive business information, or personal information (including, but not limited to, certain personnel, financial and/or medical information).  Any objection to the designation of an item of information as "Confidential" shall be made in writing to counsel for the producing party or the producing third party within 30 days of receipt of the document.  If the objection cannot be resolved by agreement between the parties, the objecting party may move the Court to determine the propriety of the designation. The objecting party shall set forth in its motion the basis on which it believes that (1) the information does not contain or consist of confidential information, the disclosure of which could adversely affect the producing party; and

1

(2) the material constitutes relevant, admissible evidence.  The information that is the subject of the motion shall be treated in accordance with its designation status pending resolution of the motion.

2.     Confidential information and documents may be used only for preparation and trial of this action and, if applicable, for preparation and appeal of this action, unless otherwise agreed to by the parties in writing.  In the absence of any such agreement in writing between the parties permitting the use of this Confidential information and documents in another action, such Confidential information and documents shall not be used for any other action, or for any reason other than this action.  All such Confidential documents, or the information contained in the Confidential documents or any information derived therefrom, shall not be disclosed, distributed or shown by any party who receives the Confidential documents or information to any natural person, corporation, union, partnership, firm, entity or association whatsoever, except to:

a.     Any counsel who have filed appearances on behalf of a party to the above-captioned action;

b.     Employees of such counsel or party (such as secretaries, clerks, paralegals or attorneys) who have direct responsibility for assisting such counsel in the preparation and trial of the above-captioned action;

c.     Technical experts and consultants of a party who have direct responsibility for assisting counsel in the preparation and trial of the above-captioned action;

d.     Court reporters transcribing depositions in the above-captioned action and deponents at the taking of their depositions;

e.      Any witness or potential witness in the action whose testimony necessitates reviewing the Confidential information or documents;

f.      Personnel of graphics or litigation support firms engaged by the parties or their attorneys;

g.      Any jury in the action; and

h.      The trial or appellate courts and their respective staffs.

3.      The persons listed in Paragraph 2(a-f) are bound by the terms of this Agreement. Any person described in Paragraphs 2(c) and 2(e) above to whom such Confidential documents or information contained therein or derived therefrom is disclosed by any party who receives the Confidential documents shall be given a copy of this Agreement, shall be advised that he or she is subject to its provisions, and shall sign a statement to that effect prior to any disclosure of such documents or the information contained therein to such person.

4.      Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party) may be designated by any party as "Confidential" by indicating on the record at the deposition that the testimony is "Confidential," and is subject to the provision of this Order.

Any party may also designate information disclosed at such deposition as "Confidential" by notifying all of the parties in writing within thirty (30) days of receipt of the transcript of the specific pages and lines of the transcript which should be treated as "Confidential" thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his or her possession, custody or control.  All deposition transcripts shall be treated as "Confidential" for a period of thirty (30) days after the receipt of the transcript.

5.      Nothing herein shall prevent any counsel of record from utilizing "Confidential" information or documents in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the document, irrespective of which party produced such document.

6.      In the event a party wishes to use any "Confidential" information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this action, such "Confidential" information or documents used therein shall be filed either (a) under seal with the Court; or (b) filed with any "Confidential" information redacted, consistent with SOUTHERN DISTRICT OF TEXAS GENERAL ORDER 2004-11.  The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this action which have been designated in whole or in part as "Confidential" information by a party to this action.  Unless otherwise agreed to in writing by the parties or ordered by the Court all pre-trial proceedings involving or relating to such documents or any other information shall be subject to the provisions of this order.

7.      Within sixty (60) days of the final determination of this action, including all appeals, all parties, natural persons, corporations, partnerships, firms or associations subject to this Agreement shall either (a) destroy or (b) return to counsel for the party who produced the Confidential documents, the Confidential documents and any and all copies of same, with the exception that one copy of the confidential material may be retained in the litigation file of any party.

8.      Neither party shall mention this Agreement or its contents, including any allegations that another party sought Confidential information or documents during discovery or that a party resisted any such discovery, in front of any jury called for the trial of this case.

9.      Counsel for a party designating information or documents as Confidential may, in writing and without Court approval, agree to release any of the Confidential documents from the requirements of this Order.  Further, nothing in this Order shall preclude any party from seeking, upon proper motion and notice, an Order modifying the terms of this Agreed Protective Order.

SIGNED this __3rd__ day of _August__ 2016.

_____

**UNITED STATES DISTRICT JUDGE**